STATE

v.

Christopher WILCOX.

No. 97–186–C.A.

Supreme Court of Rhode Island.

Oct. 23, 1998.

Aaron L. Weisman, Providence.

Paula Rosin, Catherine A. Gibran, Providence.

## O R D E R

The defendant, Christopher Wilcox, appeals from a Superior Court judgment that he violated the terms of his probation when he attacked and robbed a woman shortly after midnight on November 3, 1996. After a hearing during which the complaining witness (victim) identified the defendant as the perpetrator, the hearing justice lifted two previously imposed but suspended sentences (for ten years and nine years, respectively) and ordered both sentences to be served concurrently. The defendant claims that the evidence was insufficient to prove that he violated the terms of his probation. We ordered the parties to show cause why we should not decide this appeal summarily. After reviewing their memoranda and listening to their oral arguments, we conclude that no such cause exists and that the defendant's appeal lacks merit.

The defendant was on probation for two previous convictions: (1) possession of cocaine with the intent to deliver and (2) first-degree sexual assault. The victim testified at the violation hearing that defendant was the man who grabbed her from behind, threw her to the ground against an iron fence, and then directed her to open her purse, whereupon he removed five dollars and absconded.

Within minutes of the robbery, the victim flagged down a passing police cruiser and told the officer what happened. She then got into the patrol car and described her assailant's physical characteristics and clothing. After driving around the area with the officer for a few minutes, she saw a man, later identified as defendant, walking fast and wearing the same clothing as her attacker. A patdown search incident to defendant's arrest revealed a five dollar bill in his front pocket. The officer then placed the suspect in the back of another police cruiser and the victim positively identified him as the man who threw her to the ground and took her money.

Although defendant denied robbing the victim, the hearing justice concluded that the arresting officer and the victim were credible witnesses and that sufficient corroborating evidence existed to conclude that defendant had committed the robbery. On appeal, defendant contends that the evidence did not prove a probation violation to a reasonable degree of satisfaction and that therefore the hearing justice acted arbitrarily and capriciously in reaching this conclusion. He suggests that the victim incorrectly identified him. At a probation-revocation hearing, however, the prosecution need only establish a probation violation by reasonably satisfactory evidence. See State v. Kennedy, 702 A.2d 28, 31 (R.I.1997). This Court's review is "limited to a consideration of whether the hearing justice acted arbitrarily or capriciously in finding a violation." Id. Moreover, weighing evidence and assessing witness credibility are functions of the hearing justice. See id. at 32.

Given the conflicting versions of events and the credibility evaluations made by the hearing justice, we have no grounds to conclude that the probation-violation ruling was arbitrary or capricious. Accordingly, we affirm the judgment and deny the defendant's appeal.

Justice GOLDBERG did not participate.